**HUA YU ZHOU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Michael**

B. Mukasey,[1] Respondent.

No. 07–1373–ag.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2008.

Richard Tarzia, Belle Meade, N.J., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; David Schor, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Hua Yu Zhou, a native and citizen of the People's Republic of China, seeks review of a March 23, 2007 order of the BIA affirming the July 31, 2003 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Yu Zhou,* No. A96 253 170 (B.I.A. Mar. 23, 2007), *aff'g* No. A96 253 170 (Immig. Ct. N.Y. City July 31, 2003). We assume the parties' familiarity with the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In *Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (*en banc*), we held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to spouses of individuals who have been forcibly sterilized or forced to have an abortion.[2] *Id.* at 314. We noted, however, that an alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "other resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such "resistance." *Id.* (citing 8 U.S.C. § 1101(a)(42)). Zhou concedes that *Shi Liang Lin* forecloses his eligibility for asylum based on his wife's alleged forced sterilization, but argues that he remains eligible for relief because Chinese authorities levied a 11,000 yuan fine against him and his wife for their violation of China's family planning policy. The Government argues that Zhou did not exhaust this argument before the agency, and that in any event, it is without merit.

■ Even assuming that Zhou exhausted the issues he now raises to this court, his arguments are without merit. Zhou

has not demonstrated, or even argued, that he was persecuted on account of his own "other resistance to a coercive population control program." *Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d at 309–10 (quoting 8 U.S.C. § 1101(a)(42)). Under *Shi Liang Lin,* a fine resulting from a spouse's violation of family planning policies is insufficient, without more, to demonstrate "other resistance." Zhou alleges that he was fined 11,000 yuan for violating China's family planning policies, but he does not allege that the fine resulted because of *his* resistance to the policies. Therefore, we uphold the BIA's decision.

■ Because Zhou does not qualify for withholding of removal as a matter of law under *Shi Liang Lin,* this Court need not address his challenge to the IJ's adverse credibility finding. Also, because Zhou failed meaningfully to challenge the denial of his CAT claim in his brief to this Court, we deem his CAT claim waived. *See Yueqing v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED.

■

---

2.  Judge Sotomayor continues to disagree with the majority opinion in *Shi Liang Lin* to the extent it applies beyond unmarried partners, *see Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d at 327 (Sotomayor, J., concurring), but she is bound by court precedent, *see United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004).